## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

| | |
|---|---|
| SELMA AL-ABBAS, ) | |
| ) | |
| **Plaintiff**, ) | |
| ) | **Civil Action No.** |
| **v.** ) | **12-11585-FDS** |
| ) | |
| METLIFE LIFE INSURANCE COMPANY ) | |
| OF AMERICA, ) | |
| ) | |
| **Defendant**. ) | |

_____)

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LIMITED
## PRE-TRIAL DISCOVERY AND TO EXPAND THE SCOPE OF THE RECORD

**SAYLOR, J.**

This is a dispute arising from the denial of long-term disability benefits. The matter

arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §

1001, et seq. The benefits at issue were provided to plaintiff Selma Al-Abbas as part of her

employment with International Business Machines Corporation ("IBM"). Defendant MetLife

Life Insurance Company of America is the claims administrator for the plan.

Plaintiff has moved for limited pre-trial discovery and to expand the administrative

record. For the reasons stated below, the motion for limited pre-trial discovery will be granted in

part and denied in part.

## I.    Background

Selma Al-Abbas worked for IBM from December 1983 to February 2010. (Compl. ¶¶

12, 16). She held numerous positions there, her last being as a Certified Consulting Sales

Specialist. (Compl. ¶¶ 12, 15). According to the complaint, she suffers from fibromyalgia, optic

neuritis, and chemical sensitivities.  She stopped working in February 2010 due to symptoms that include muscle pain and stiffness, muscle weakness, fatigue, dizziness, insomnia, and neuralgic pain in her eyes and head.  (Compl. ¶¶ 16-17).

IBM paid Al-Abbas's claims for short-term disability from February to August 2010.  MetLife, however, denied her claim for long-term disability benefits when she became eligible in August.  (Compl. ¶¶ 9, 19-21).  She appealed the denial.  As part of the appeals process, Dr. Siva Ayyar of Network Medical Review ("NMR") reviewed her disability claim.  (Compl. ¶¶ 22, 24).  MetLife denied her appeal.

On August 24, 2012, Al-Abbas filed a claim under ERISA against MetLife, contending that its denial of benefits was arbitrary and capricious and was influenced by a conflict of interest, in that MetLife is both the plan's administrator and the payer of benefits.  On February 26, 2013, Al-Abbas filed a motion for discovery and to expand the scope of the record.  She seeks (1) internal guidelines, policies, and procedures in effect from January 1, 2010, to December 31, 2010, and available to MetLife's staff; and (2) information as to the relationship between MetLife and NMR and its reviewers.

## II.   Analysis

"ERISA cases are generally decided on the administrative record without discovery." *Morales-Alejandro v. Med. Card Sys., Inc.*, 486 F.3d 693, 698 (1st Cir. 2007).  Discovery is disfavored, in part, due to "concerns about efficient administration that underlie the ERISA statute itself."  *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 26 (1st Cir. 2003).  In order to overcome the presumption against expansion of the record, a party needs to show "some very good reason."  *Liston*, 330 F.3d at 23.  Courts have permitted expansion of the record, and

additional discovery, where appropriate to comply with Department of Labor regulations or where there has been a showing of bias or conflict of interest.  *See Glista v. Unum Life Ins. Co. of Am.*, 378 F.3d 113, 122 (1st Cir. 2004) (admitting "the plan administrator's own documents interpreting the language of the Plan and providing the standard for evaluation of the facts presented" in light of DOL regulations);  *McGahey v. Harvard Univ. Flexible Benefits Plan*, 260 F.R.D. 10 (D. Mass. 2009)  (permitting discovery as to alleged conflict of interest); *Weed v. Prudential Ins. Co. of Am.*, 2009 WL 2835207 (D. Mass. Aug. 28, 2009) (same);  *Semedo v. Boston Bldg. Serv. Employees Trust Fund Long Term Disability Plan*, 2013 WL 3805130 (D. Mass. July 19, 2013) (allowing discovery of internal guidelines and manuals based on DOL regulations); *see also Nolan v. Heald Coll.*, 745 F. Supp. 2d 916 (N.D. Cal. 2010) (alleged bias); *Cannon v. UNUM Life Ins. Co. of Am.*, 219 F.R.D. 211 (D. Me. 2004) (DOL regulations). Plaintiff here has alleged both compliance with regulations and conflict of interest as grounds for seeking discovery.

     A.       **Documents Required by Regulation**

     The Department of Labor, which interprets, regulates, and enforces ERISA, has promulgated regulations concerning appeals of adverse benefit determinations under ERISA. The regulation provides that claims processors must provide claimants with "all documents, records, and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503–1(h)(2)(iii) (emphasis added).  The regulation defines "relevant" as a "document, record, or other information" that:

> (I) Was relied upon in making the benefit determination;
>
> (ii) Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other

information was relied upon in making the benefit determination;

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

(iv) In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. § 2560.503–1(m)(8).[1]  This information may "shed light into whether the administrator's decision-making process was arbitrary and capricious."  *Tebo v. Sedgwick Claims Mgmt. Servs., Inc.*, 2010 WL 2036961 (D. Mass. May 20, 2010) (citing *Glista*, 378 F.3d at 122-23).

Here, plaintiff seeks documents relating to MetLife's procedural and substantive rules in effect when making the benefit determination.  (*See* Reply, Ex. A, Request 1(a)-(c), (g)-(I); Reply, Ex. A, Request 3(b)-(d)).   Such documents, if they exist, likely either were "considered . . . in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination" or "[d]emonstrate[] compliance with the administrative processes and safeguards" that are "designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents."  29 C.F.R. §§ 2560.503–1(b)(5), (h)(2)(iii), (m)(8)(ii), (m)(8)(iii).  The fact that the administrative record contains the governing plan

---

[1] Section (b) provides, in part, that "[t]he claims procedures for a plan will be deemed to be reasonable only if . . . (5) The claims procedures contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents and that, where appropriate, the plan provisions have been applied consistently with respect to similarly situated claimants."  29 C.F.R. § 2560.503–1(b)(5).

documents does not suffice if there are other records that guided the decision-makers.

In addition, plaintiff's request for the production of any rules regarding fibromyalgia, Lyme disease, and undiagnosed neurological conditions seeks, at least in part, "a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis."  29 C.F.R. §§ 2560.503–1(h)(2)(iii), (m)(8)(iv).  These rules need not have been "relied upon" in making this determination, *id.*, nor need they have been part of the governing plan documents.

To the extent that responsive documents exist in the "Claims Management Guidelines," they should be produced.  However, to the extent that plaintiff requests the entirety of that document (*cf.* Reply, Ex. A, Request 1), it is unlikely that all of it is relevant to the benefit determination at issue.  Furthermore, the Court agrees with defendant that production of all documents that merely "refer to" a rule or regulation would be unduly burdensome and not sufficiently likely to turn up admissible evidence.

Finally, any correspondence between MetLife and NMR concerning plaintiff qualifies as a document "generated in the course of making the benefit determination" under 29 C.F.R. §§ 2560.503–1(h)(2)(iii), (m)(8)(ii).  (*See* Reply, Ex. A, Request 3(d)).

The *Glista* court counseled that the relevance of each document varies by case, and that documents "are most likely to be relevant where they have been authenticated, have been generated or adopted by the plan administrator, concern the policy in question, are timely to the issue in the case, are consistently used, and were known or should have been known by those who made the decision to deny the claim."  378 F.3d at 123.  The documents that plaintiff requests here are implicitly limited to those generated or adopted by MetLife.  The Court will

limit the request only to those that concern the policy in question.  Plaintiff seeks only documents that were in existence while MetLife was adjudicating her claim from 2010 to 2012. Whether they were consistently used and whether they were known or should have been known is unclear, but it is fair to assume that Met-Life's decision-makers were well-versed in the company's internal rules, regulations, and guidelines.  Discovery of these documents is therefore appropriate.

### B.        Documents Relating to Conflict of Interest

The Supreme Court held that when an entity plays a "dual role" by both determining an employee's eligibility under an employee benefit plan and paying the benefits, there is a conflict of interest that the court should consider in deciding whether the plan administrator has abused its discretion.  *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008).  "The majority opinion in *Glenn* fairly can be read as contemplating some discovery on the issue of whether a structural conflict has morphed into an actual conflict."  *Denmark v. Liberty Life Assur. Co. of Boston*, 566 F.3d 1, 10 (1st Cir. 2009).  However, a bare allegation of structural conflict does not "mandate automatic discovery."  *McGahey v. Harvard. Univ. Flexible Benefits Plan*, 2009 WL 799464, at *2 (D. Mass. Mar. 25, 2009).  And, any discovery on this matter "must be allowed sparingly and, if allowed at all, must be narrowly tailored so as to leave the substantive record essentially undisturbed."  *Denmark*, 566 F.3d at 10.

Plaintiff contends that the decision in her case was influenced by a conflict of interest, in that MetLife both hires outside reviewers, such as NMR, and pays them, creating an incentive for the reviewers to decide in favor of MetLife in order to obtain future business.  She therefore seeks documents relating to MetLife and NMR's business relationship.  (Reply, Ex. A, Request

2; Reply, Ex. A, Request 3(a), (e)-(g); Reply, Ex. B).

Defendant already has provided information about the steps that it takes to reduce conflicts of interest and its payments to NMR. *See Weed v. Prudential Ins. Co. of Am.*, 2009 WL 2835207 (D. Mass. Aug. 28, 2009) (granting discovery where defendant had not detailed its procedures to reduce bias). And it has agreed to respond to plaintiff's interrogatories regarding MetLife's relationship with NMR and with its reviewer, Dr. Bailey. (Sur-Reply at 9; *see* Reply, Ex. B). However, the court will not permit any additional discovery where, as here, a plaintiff does no more than allege a structural conflict of interest. *McGahey v. Harvard Univ. Flexible Benefits Plan*, 2009 WL 799464, at *3 (D. Mass. Mar. 25, 2009); *Semedo v. Boston Bldg. Serv. Employees Trust Fund Long Term Disability Plan*, 2013 WL 3805130, at *3 (D. Mass. July 19, 2013). Plaintiff's allegation that the only references to Dr. Ayyar in Westlaw note that he denied the claims does not require a different result. It is not necessarily probative of bias, given that only denials are appealed to the federal courts. Discovery as to Dr. Ayyar is therefore unwarranted. *See Cannon v. UNUM Life Ins. Co. of Am.*, 219 F.R.D. 211, 216-17 (D. Me. 2004) (denying motion to conduct deposition). Because plaintiff has not made a "colorable claim of bias," *Denmark*, 566 F.3d at 10, nor brought "to the attention of the court any aspect of the record which can fairly be read to reflect any conflict of interest," *Beattie v. Prudential Ins. Co. of Am.*, 2011 WL 2413458, at *2 (D. Mass. June 8, 2011), the motion for discovery as to a conflict of interest will be denied.

## III.    Conclusion

For the foregoing reasons, plaintiff's motion for discovery of materials identified in 29 C.F.R. § 2560.503–1 is GRANTED in part and plaintiff's motion for discovery regarding a

conflict of interest is DENIED.

**So Ordered.**

                                                    /s/ F. Dennis Saylor
                                                    F. Dennis Saylor IV
                                                    United States District Judge

Dated:  November 4, 2013